**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| OLAYANJU JOHN OLUWASEGUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:26-cv-02861 (UNA) |
| v. | ) | |
| | ) | |
| | ) | |
| NIGERIA EMBASSY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint, ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons explained below, it dismisses this matter without prejudice.

At the outset, the Court notes that the Complaint is unsigned, in contravention of Federal Rule 11(a). The allegations themselves fare no better. Indeed, it is unclear who Plaintiff even intends to sue, because the Complaint also contravenes Federal Rule 10(a) and D.C. Local Civil Rule 5.1(c)(1) and (g), but from context it appears that he intends to sue the Nigerian Embassy and more generally "Nigerians." He alleges that these Defendants have conspired with individuals and police in Bismark, North Dakota, and elsewhere to cause him myriad harms "by selling human parts and using victims profiles for fraud here and all over the world at large" and through "evil impersonations," and that they committed other "deadly crimes."

The allegations are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's complaint falls squarely into this category, and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). As here, a court shall dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981).

Consequently, this case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.



TREVOR N. McFADDEN
United States District Judge

Date: November 2, 2026